UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASSURITY LIFE INSURANCE COMPANY, | CASE NO. 3:21-cv-05022-DGE |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| ANNA HUSTON, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Linett Huston's motion for default judgment. (Dkt. No. 46.)  Having reviewed the motion, all supporting materials, and relevant portions of the record, the Court GRANTS the motion and ENTERS DEFAULT JUDGMENT against Defendants Anna Huston and Kylie Huston on the terms set forth in this order.

## II.    BACKGROUND

This is an interpleader action in which Plaintiff Assurity Life Insurance Company ("Assurity") received competing claims for payment of the $224,000 in proceeds from Mark

Huston's life insurance policy. (Dkt. No. 1 at 2.) Mr. Huston applied for the policy in January 2008 and designated his wife, Linett Huston,[1] as the primary beneficiary and his children, Anna and Kylie Huston, as contingent beneficiaries. (*See* Dkt. No. 26-2 at 3-4.) Soon after, Mark and Linett filed for divorce.[2] (*See* Dkt. No. 30 at 2.) On September 1, 2010, the Pierce County Superior Court issued a decree of dissolution. (Dkt. No. 26-4 at 2-8.)

Under Washington law, if a couple divorces, then a revocation provision applies, which dictates that a life insurance policy passes as if the former spouse failed to survive the decedent having died at the time of entry of the decree of dissolution. *See* Wash. Rev. Code § 11.07.010(2)(a). However, this revocation does not apply if the divorce decree provides otherwise. *See* Wash. Rev. Code § 11.07.010(2)(b)(i).

According to the Huston's divorce decree, Mark received "life insurance on the life of the husband" and Linett received "life insurance on the life of the husband Assurity Life Inc. Co." (Dkt. No. 26-4 at 3-4.) On July 14, 2020, Mark passed away. (Dkt. No. 1 at 2.) Linett sought to collect the $224,000 death benefit from Assurity. (*See* Dkt. No. 30 at 2.) However, due to the divorce decree's ambiguity regarding ownership of the Assurity policy, Assurity reached out to all beneficiaries inquiring about whom intended to make a claim to Mark's death benefit. (Dkt. No. 25 at 3.) Both Linett and Anna asserted rights to the death benefit. (*See* Dkt. No. 1 at 2.)

---

[1] The record reflects two different spellings of Ms. Huston's first name. The Application to Assuirty Life Insurance Company (Dkt. No. 26-2 at 3) and the Decree of Dissolution (Dkt. No. 26-4 at 2) spell her name as "Linnett." However, Ms. Huston's Declarations (Dkt. Nos. 30 and 40) spell her name as "Linett." In this Order, the Court uses the spelling "Linett" as submitted by Ms. Huston in her Declarations.

[2] Because Mark, Linett, Anna, and Kylie share the same last name, the Court refers to them by their first names to promote clarity while relaying the factual background. No disrespect is intended.

In its August 31, 2021 Order, the Court dismissed Assurity from this action and discharged it from further liability. (Dkt. No. 34.) Assurity deposited $218,394.04 into the Court registry, which amounts to the $224,000 death benefit less Assurity's reasonable attorneys' fees and costs. (*See* Dkt. No. 35.)

Linett waived service and filed an Answer to the interpleader complaint on February 4, 2021.[3] (Dkt. Nos. 10, 14.) Anna was personally served with a copy of the complaint and summons on February 20, 2021 (Dkt. No. 17), and Kylie was served by publication of Plaintiff's summons in King and Pierce County, Washington (Dkt. No. 22). Neither Anna nor Kylie answered or appeared, and the Clerk of the Court entered default on September 30, 2021. (*See* Dkt. No. 38.) Linett, having appeared and asserted her entitlement to the life insurance proceeds, asks the Court to enter default judgment against Anna and Kylie and award her the remaining insurance funds. (*See* Dkt. No. 46.)

### III.   DISCUSSION

#### A.  Legal Standard

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). The general rule upon default is that well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). However, allegations related to damages must be supported with evidence. *See TeleVideo Sys., Inc. v.*

---

[3] Linett filed a pleading captioned "Answer, Affirmative Defenses, Counterclaim and Cross-Claim." (Dkt. No. 14 at 1.) However, Linett does not appear to allege a counterclaim against Assurity. (*See generally* Dkt. No. 14.) Furthermore, Assurity has been dismissed from this action and discharged of liability. (Dkt. No. 34.) Additionally, Linett purports to allege a cross-claim against Anna and Kylie. (Dkt. No. 14 at 4.) However, rather than asserting a claim against Anna and Kylie, Linett's explains her alleged entitlement to the life insurance proceeds. *Id.* Therefore, the Court construes the purported cross-claim as Linett's argument that she is entitled to the insurance funds and not as a cross-claim against Anna and Kylie.

1    *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2)(B).  In an

2    interpleader action, a "defendant who fails to answer the interpleader complaint and assert a

3    claim to the res forfeits any claim of entitlement that might have been asserted if service was

4    properly effected upon them." *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D.

5    Wash. 2014) (internal quotations and citation omitted).  Where interpleader defendants fail to

6    appear, courts have discretion to enter a default judgment in favor of the remaining claimants

7    who demonstrate their entitlement to the funds.  *Id.*  In exercising its discretion, the Court

8    considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning material facts; (6)
> whether the default was due to excusable neglect, and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

12   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

13   **B.  Jurisdiction**

14   Plaintiff brought this interpleader action under Federal Rule of Civil Procedure 22, which

15   requires that the action is "based upon the general jurisdiction statutes applicable to civil actions

16   in the federal courts."  *See* 7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and*

17   *Procedure* § 1710 (3d ed.); *see also Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th

18   Cir. 1982).  "For interpleader under [R]ule 22[a](1) predicated on diversity jurisdiction, there

19   must be diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren*,

20   680 F.2d at n. 1.  A court does not lose jurisdiction after the stakeholder is discharged. 7 Charles

21   Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1710 (3d ed.).

22   Subject matter jurisdiction predicated on diversity between the stakeholder and claimants

23   exists in this case.  Assurity was incorporated in Nebraska with its principal place of business

24

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

1  also in Nebraska.  (Dkt. No. 1 at 1.)  Linett, Anna, and Kylie Huston are citizens of Washington.

2  *Id.*  The amount in controversy is the $224,000 death benefit, which exceeds the minimum

3  threshold required for diversity jurisdiction.  (*See* Dkt. No. 1 at 2); 28 U.S.C. § 1332(a).

4  **C.  *Eitel* Factors**

5  The majority of *Eitel* factors weigh in favor of granting Linett's motion for default

6  judgment.

7  First, both Assurity and Linett would suffer prejudice absent resolution of the dispute

8  through default judgment.  In interpleader actions, the possibility of prejudice to the defendant

9  and to the plaintiff-in-interpleader are both relevant.  *See Asuncion,* 43 F. Supp. 3d at 1156.

10  Because Anna and Kylie have failed to respond to the action, Linett can resolve her claim only

11  through default judgment.  Further, Assurity will be unable to resolve the dispute and thereby

12  relieve itself from liability.

13  Regarding the second and third *Eitel* factors, the Court considers whether Linett has a

14  meritorious claim to the remaining life insurance proceeds.  Linett alleges that Mark designated

15  her to be the primary beneficiary when applying for the Assurity life insurance policy, and never

16  changed this designation.  (Dkt. No. 30 at 1.)  Further, Linett alleges that she was awarded the

17  Assurity life insurance policy after the divorce, and that Mark never expressed an interest in this

18  policy during the divorce proceedings and refused to pay the premiums after the dissolution was

19  finalized on September 1, 2010.  (Dkt. No. 14 at 5.)  Linett states that she paid the Assurity life

20  insurance policy premiums from her own income from September 1, 2010 until Mark died on

21  July 14, 2020.  (Dkt. No. 30 at 2.)  Accordingly, the Court finds that Linett has alleged a viable

22  claim such that it is more likely than not that she is entitled to the life insurance funds.

23

24

1       In interpleader actions, the fourth *Eitel* factors neither favors nor disfavors default

2  judgment. *See Asuncion,* 43 F. Supp. 3d at 1157. Thus, the sum of the remaining proceeds at

3  stake is neutral in this case. Regarding the fifth and sixth *Eitel* factors, the record contains no

4  evidence that there will be a dispute concerning material facts or that Defendants' default was

5  the product of excusable neglect. Anna was personally served. (Dkt. No. 17.) Kylie was served

6  by publication (Dkt. No. 22) and Plaintiff sent the Summons and Complaint to the address from

7  which she is believed to collect mail (Dkt. No. 18 at 2).

8       Although courts strive to decide cases on the merits, this policy preference does not

9  preclude default judgment. Here, the last *Eitel* factor is outweighed by the other factors that

10  favor entry of default judgment. Therefore, the Court grants Linett's motion for default

11  judgment against Anna and Kylie.

12       Linett also seeks costs of $112.00 to cover the costs of service of process on Anna.

13  However, Linett was not required to use a process server to serve Anna with a copy of her

14  Answer given that it did not contain a cross-claim against Anna. *See supra* note 3. Thus, the

15  Court denies Linett's request for costs.

16                **IV.   CONCLUSION**

17       Accordingly, and having considered Linett Huston's motion and the remainder of the

18  record, the Court finds and ORDERS that the motion for default judgment is GRANTED.

19       The Court DENIES Linett Huston's motion for default against Anna and Kylie Huston

20  (Dkt. No. 45) as duplicative. The Clerk of the Court had entered default as to Anna and Kylie

21  Huston on September 30, 2021, before the motion for default (Dkt. No. 45) was filed. (Dkt. No.

22  38.)

23

24

1    The Clerk is authorized and directed to draw a check on the funds deposited in the

2  registry of this Court in the principal amount of $218,394.04 plus all accrued interest, payable to

3  Linett Huston's attorney, Kram & Wooster, P.S. and mail or deliver the check to Kram &

4  Wooster, P.S.

5    The Clerk is further directed to CLOSE this case.

6

7  Dated this 31st day of January, 2022.

8

9

10                                     David G. Estudillo
                                        United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7